ORIGINAL
D{F
C/M
FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 13 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

BH99 REALTY, LLC,

              Plaintiff,

-against-

QIAN WEN, JIE JUAN YANG, and 99
WILSON, INC.,

              Defendants.
------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 10-CV-693 (FB) (JO)

*Appearances:*
*For the Plaintiff:*
BARRY FELDER
RACHEL ESTHER KRAMER
Foley & Lardner LLP
90 Park Avenue
New York, NY 10016

*For the Defendants:*
CLIFFORD B. OLSHAKER
Law Offices of Clifford B. Olshaker
40-47 75th Street, Suite 300
Elmhurst, NY 11373

**BLOCK, Senior District Judge:**

        Greystone Bank ("Greystone"), the plaintiff's predecessor-in-interest, brought this action in February 2010 to foreclose its mortgage on property located at 99 Wilson Avenue, Brooklyn, New York (the "Property"). Defendants—represented by counsel—filed an answer in June 2010, but withdrew it the next day. In July 2010 Greystone moved for a default judgment. The Court referred the motion to Magistrate Judge James Orenstein. In October 2010, the clerk entered a default against defendants. In February 2011, defendants—now represented by a different attorney—sought a pre-motion conference to discuss moving to dismiss for lack of subject matter jurisdiction.

        On March 16, 2011, two days before the pre-motion conference to discuss

defendants' proposed motion to dismiss, Magistrate Judge Orenstein issued his Report and Recommendation ("R&R"). At the pre-motion conference two days later, the Court instructed defendants to make their argument for why the entry of default should be vacated in their objections to the R&R; if defendants succeeded in setting aside the default, then they could move to dismiss. *See* Mar. 11, 2011 Minute Entry.

Magistrate Judge Orenstein's R&R recommended judgment in favor of plaintiff's first and fifth causes of action, dismissal of plaintiff's three other causes of action, an order for the foreclosure and sale of the Property, and judgment entered against defendant Qian Wen Li for $696,878.95, comprised of: (1) $575,155.64 in unpaid principal; (2) $109,860.64 in unpaid interest on principal; (3) $3,449.15 in amounts advanced by plaintiff's predecessor for property taxes and insurance premiums; (4) $786.92 in late fees; (5) $500.00 for a broker price opinion report; (6) $5,439.50 in attorney's fees; and $1,687.10 in costs. *See* R&R at 1.

I

Defendants timely objected to the R&R, arguing: (A) that because the Court may lack diversity jurisdiction, "defendants [should] be permitted to conduct limited jurisdictional discovery to determine Greystone's 'nerve center,'" Def.'s Ob. at 8; (B) that "Greystone lacked standing when the complaint was filed as it was not the legal holder of the mortgage," *id.* at 4; and (C) that it was improper under New York law to recommend awarding judgment against Li "as plaintiffs are prohibited from pursuing a breach of contract action while a foreclosure action is pending," *id.* at 5. The Court reviews these objections *de novo*. *See* 28 U.S.C. § 636(b)(1).

2

## A. Diversity Jurisdiction

Defendants argue that Greystone's "nerve center" may have been located in New York City at the time it commenced this action, and therefore the Court lacks diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."); *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (2010) (defining "principal place of business" as its "nerve center" — "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities"). Plaintiff argues in response that by defaulting, defendants have conceded the allegation in its complaint that "Plaintiff Greystone is a North Carolina corporation with its principal place of business in Raleigh, North Carolina." Compl. ¶ 2. In addition, plaintiff provided a declaration it had previously submitted in another case to support its allegation that Greystone's principal place of business is in North Carolina.

"[A]lthough the allegations of a complaint are deemed admitted for adjudication of the merits when a default judgment is entered by a court with jurisdiction, the entry of a default judgment cannot serve to admit the facts necessary to establish such jurisdiction." *"R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 125 (2d Cir. 2008). The Court cannot, therefore, deem defendants to have admitted plaintiff's assertion in its complaint that Greystone's principal place of business is in North Carolina. Nor can the Court credit the declaration submitted by plaintiff without giving defendants the opportunity to engage in discovery. *See Greystone Bank v. Tavarez*, 2010 WL 3325203, at *2 (E.D.N.Y Aug. 19, 2010) Accordingly, defendants may engage in limited jurisdictional discovery — under the

3

supervision of Magistrate Judge Orenstein—to determine where Greystone's principal place of business was at the time it commenced this action. *See id.* (modifying a report and recommendation to allow for limited jurisdictional discovery on similar facts).

## B. Greystone's Standing to Bring Foreclosure Action

Defendants argue that Greystone lacked standing at the time it commenced this action because it was not the legal holder of the mortgage. Plaintiffs asserted in their complaint, however, that "Greystone . . . is the owner and holder of the subject first mortgage lien on the Property." Compl. ¶ 2. By not responding to plaintiff's complaint, defendants admitted this allegation. *See* Fed. R. Civ. P. 8(b)(6).

## C. New York Foreclosure Law

Defendants argue that New York law prohibits plaintiff from "from pursuing a breach of contract action while a foreclosure action is pending," Def.'s Ob. at 5, and therefore Magistrate Judge Orenstein should not have recommended foreclosure of the Property and a judgment against Li. Plaintiff argues in response that N.Y. R.P.A.P.L. § 1371 permits a single action seeking a foreclosure sale and a deficiency judgment against the borrowers in the event the proceeds from the sale do not satisfy the amount due under the loan documents. Because "[a] motion for a deficiency judgment is part of, and not separate from, the foreclosure action," *Steuben Trust Co. v. Buono*, 677 N.Y.S.2d 852, 852 (4th Dep't 1998), it was not improper for Magistrate Judge Orenstein to recommend foreclosure of the Property and a judgment against Li for the entire amount remaining on the loan.

## II

With regard to the portions of the R&R to which no objections were filed, the

Court will conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000). No such error appears here.

## III

The Court adopts the R&R in its entirety, but stays entry of the default judgment pending defendants' opportunity to engage in limited jurisdictional discovery under Magistrate Judge Orenstein's supervision, and final resolution of the jurisdictional issue.

**SO ORDERED.**

s/Frederic Block

FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
May 12, 2011